**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| KeyState Holdings LLC, | No. CV-21-01213-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| keystateholdings.com, | |
| Defendant. | |

Pending before the Court is Plaintiff's Renewed Motion to Proceed *In Rem* and for Publication. (Doc. 19.) This is a case in which Plaintiff KeyState Holdings LLC, a Nevada company, is suing for trademark infringement due to an unauthorized website that it alleges wrongfully uses its name and is intentionally misleading consumers by masquerading as Plaintiff. Plaintiff previously filed a motion seeking to proceed *in rem* and to serve Defendant via publication. As authority for such action, Plaintiff's previous motion cited to 15 U.S.C. § 1125(d)(2) which reads in pertinent part:

> (A) The owner of a mark may file an in rem civil action against a domain name in the judicial district in which the domain name registrar, domain name registry, or other domain name authority that registered or assigned the domain name is located if—
>> (i) the domain name violates any right of the owner of a mark registered in the Patent and Trademark Office, or protected under subsection (a) or (c); and
>> (ii) the court finds that the owner—

     (I) is not able to obtain in personam jurisdiction over a person who would have been a defendant in a civil action under paragraph (1); or
     (II) through due diligence was not able to find a person who would have been a defendant in a civil action under paragraph (1) by—
       (aa) sending a notice of the alleged violation and intent to proceed under this paragraph to the registrant of the domain name at the postal and e-mail address provided by the registrant to the registrar; and
       (bb) publishing notice of the action as the court may direct promptly after filing the action.

  In a hearing on Plaintiff's original motion, Judge McNamee found that Plaintiff's request to proceed *in rem* and to serve the Defendant by publication could not yet be granted because Plaintiff had not yet shown sufficient evidence of its efforts to serve the Defendant under 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(aa) nor had enough time passed for the Court to be assured that such efforts had failed. (Doc. 17 at 3 (citing *Lucent Techs., Inc. v. Lucentsucks.com*, 95 F. Supp. 2d 528, 532-33 (E.D. Va. 2000).) Now, armed with additional evidence of its efforts to serve and with Defendant's continued silence, Plaintiff renews its request to serve by publication and to proceed *in rem*. In light of Plaintiff's new evidence, the Court authorizes Plaintiff to attempt service by publication.

  However, the Court finds that further proceedings *in rem* ought not be authorized until service by publication has been attempted. To proceed *in rem*, a plaintiff must show was unable to locate the defendant, even "through due diligence[.]" 15 U.S.C. § 1125(d)(2)(A)(ii)(II). The statute further states that to show due diligence a plaintiff must send notice to the registrant "at the postal and email address provided…**and**…publish[] notice of the action as the court may direct…"*Id*.

  *In rem* proceedings are conditioned upon Plaintiff's showing of due diligence, and due diligence requires Plaintiff show attempted service both by "postal and email address" and by "publishing notice." Until the authorized publication is attempted and fails, the Court cannot find that KeyState Holdings LLC has met the statutory requirements to proceed *in rem*. Plaintiff may refile its request once service by publication has been

1  attempted.

2  Accordingly,

3  **IT IS ORDERED** that Plaintiff's Request for Service by publication is granted.
4  Plaintiff shall publish a notice of the action in at least one issue of The Record Reporter
5  newspaper within 15 days after entry of this Order and that a declaration be filed on by
6  Plaintiff no later than 20 days after the entry of this Order, describing the steps that have
7  been taken to comply with this Order.

8  **IT IS FURTHER ORDERED** that Plaintiff's Motion to Proceed *In Rem* is denied
9  without prejudice. Plaintiff may, if it chooses, refile its motion no sooner than 21 days after
10 notice of this action is served by publication.

11 Dated this 17th day of August, 2021.

_____
Honorable Susan M. Brnovich
United States District Judge